## COUNTY OF WORCESTER, AT WORCESTER, OCTOBER TERM 1860.

##### PRESENT:

Hon. GEORGE T. BIGELOW, Chief Justice.
Hon. CHARLES A. DEWEY,
Hon. THERON METCALF,    } Justices.
Hon. PLINY MERRICK,
Hon. REUBEN A. CHAPMAN,

### MEMORANDUM.

On the twenty-eighth day of September 1860, the Honorable REUBEN ATWATER CHAPMAN, of Springfield, was appointed a justice of this court, in place of Mr. Justice BIGELOW, appointed chief justice, and took his seat upon the bench on the first day of this term.

### FRANCIS MAY *vs.* SOLOMON SHUMWAY.

An inhabitant of another state, who comes into this commonwealth solely for the purpose of attending court as a witness, is privileged from arrest on civil process, although he has not been summoned nor obtained a writ of protection.

HABEAS CORPUS, upon the return of which at April term of this court in this county, it appeared that the petitioner was a

citizen of Connecticut; that he was requested to attend as a witness in a case which stood for trial in this court at Worcester, and came into the Commonwealth and to Worcester, where the court was in session, solely for that purpose; that on reaching the court house he learned that the case would not be reached until the next week, and immediately went to the railroad station to take the cars to return home, and while in the cars was arrested on a civil process by the respondent, a deputy sheriff, and sued out this writ to try the legality of his arrest; that he had not been summoned as a witness, and had not a writ of protection. *Hoar*, J. reserved the question of law upon these facts for the determination of the full court, to whom it was submitted at April term in Hampden.

*D. Foster*, for the petitioner, cited *Walpole* v. *Alexander*, 3 Doug. 45; *Meekins* v. *Smith*, 1 H. Bl. 636; *Arding* v. *Flower*, 8 T. R. 534; *Ex parte Tillotson*, 1 Stark. R. 470; *Mountague* v. *Harrison*, 3 C. B. N. S. 292; *Hurst's case*, 4 Dall. 387; *United States* v. *Edme*, 9 S. & R. 150; *Norris* v. *Beach*, 2 Johns. 294; *Dixon* v. *Ely*, 4 Edw. Ch. 557; 1 Tidd Pract. 196; 2 Phil. Ev. (4th Amer. ed.) 820; 1 Greenl. Ev. § 316.

*G. F. Verry*, for the respondent, relied on *Ex parte M'Neil*, 6 Mass. 264.

BY THE COURT. The protection against arrest, which the law extends to a witness, is for the benefit of parties to suits, to enable them more easily to obtain the testimony of witnesses, who might be reluctant to attend court if they were subject to arrest. A summons could not be served upon a witness residing out of the Commonwealth; and if he attends at all, his attendance is voluntary. The arrest was unlawful, and the

*Petitioner must be discharged.*